UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOYCE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>VINCENNES UNIVERSITY,<br><br>    Defendant. | Civil Action No.: 3:17-cv-44<br><br><br>**COMPLAINT**<br>**(Jury Demanded)** |

COMES NOW, Plaintiff JOYCE TURNER ("Plaintiff" or "Ms. Turner"), by and through her undersigned attorney, and hereby complains and alleges against VINCENNES UNIVERSITY ("Defendant," "VINU," or "School"), based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

Ms. Turner seeks relief to remedy Defendant's violations of her civil rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (as amended, the "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (the "Rehabilitation Act"), and her contractual rights. Ms. Turner was the target of gross administrative malfeasance while she was a student in VINU's Funeral Services ("FSE") program. VINU administration misdirected Ms. Turner's requests for disability services and ignored her repeated attempts to access critical course material, thereby setting her up for certain academic dismissal. Following her expulsion, Ms. Turner voiced her objections personally and in writing to the Defendants, to no avail. Accordingly, she now petitions this Court for redress in the form of injunctive relief, damages, costs and reasonable attorney's fees in relation to the violation of those rights, as well as damages for breach of contract pursuant to Indiana common law.

## PARTIES

1. Plaintiff, JOYCE TURNER, is a female American citizen who, at all times relevant herein, was a citizen of the state of Indiana and a student at Vincennes University located in Vincennes, Indiana.

2. Defendant, VINCENNES UNIVERSITY, is incorporated in Indiana as Vincennes University and is an instrumentality of the State of Indiana that is charged by law with the administration of Vincennes University, an educational institution and public university of the State of Indiana. Vincennes's campus is located in the Southern District of Indiana.

## JURISDICTION AND VENUE

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act ("Section 504") and Title II of the ADA.

4. Supplemental jurisdiction over Plaintiff's pendant state law claims are proper pursuant to 28 U.S.C. § 1367(a), as there exist claims arising out of the same transaction and occurrence as her federal claims.

5. Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391(b), as Defendant is located in this District, and the events giving rise to Plaintiff's claims occurred therein.

6. All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred, been performed or otherwise waived.

## FACTS

7. Ms. Turner matriculated to VINU in 2014. She moved four hours away from her home in Merrillville, Indiana to Vincennes in order to attend VINU's FSE program as a seasoned student who had already obtained and honors degree, CNA license, several transfer credits, and several accolades from her previous tenure at school and internships.

2

27. The cheating students found out she reported them and began a campaign to harass her. Over the next several months, they vandalized her car and breached her Facebook account, posting false updates under Ms. Turner's name.

28. The students blocked her into her parking spot one night, which caused Ms. Turner tremendous fear and anxiety.

29. Ms. Turner filed two reports with Campus Police concerning the events, but no action was taken by VINU police and she was never contacted with any follow-up.

30. In or around Fall 2014, at one of the weekly meetings with DeHart, Ms. Turner reported to him the instances of vandalization, computer breaches, and confinement. She requested information on how to file a formal complaint.

31. DeHart did not direct Ms. Turner to VINU's Dean or any other supportive services when she approached him to report these frightening encounters. He also did not explain how to initiate a complaint herself nor did he instruct Ms. Turner to consult VINU's handbook or the online student complaint process for filing a formal complaint. Instead, he offered to look into it himself. No action was actually ever taken.

32. In reliance on DeHart's high level administrative role in the FSE program, Ms. Turner believed she had done all she could do to properly apprise VINU about the situation and never was given the opportunity to file a formal complaint. DeHart placated her into thinking she had received full VINU process as to her concerns.

33. Consequently, Ms. Turner's complaints were never advanced, investigated, and her harassers were never punished. Ms. Turner remained fearful of reprisal by the wrongdoers during her entire academic tenure VINU.

**Ms. Turner's Abrupt Dismissal and Unsuccessful Appeal**

34. In or around the end of December 2015, DeHart was suddenly removed from the FSE department chair positon and VINU entirely. VINU replaced DeHart with Jana Vleck ("Vleck") and Professor Russel Ort ("Ort") as interim department chairs.

35. At or about the end of December 2015, Ms. Turner set up a meeting to go over her grades with the new department chairs, as had been the pattern for the past three semesters she had been enrolled.

36. At the meeting, Ms. Turner received a verbal notice from VINU that she was being expelled from the Funeral Services program for sub-par grades. At that point, she had already completed the bulk of 19 additional credit hours towards her FSE degree, which her expulsion effectively negated. She had already paid for those credit hours in full.

37. Vleck told Ms. Turner that based on her FSE grades, she should have been dropped "after the first semester." At that point, Ms. Turner had already completed, and paid for, three semesters of FSE classes and accrued additional living expenses to reside in Vincennes, Indiana instead of her home in Merrillville, Indiana.

38. Sometime after that meeting, Ms. Turner sought relief from the Dean and attended a meeting in his office in or around December 2015.

39. The meeting grew heated and culminated when the Dean stood up and screamed at Ms. Turner, "YOU shut up! I'm talking now!"

40. Ms. Turner did not receive her requested readmission or clarification on her expulsion pursuant to the December 2015 meeting with the Dean.

41. Ms. Tuner then appealed her dismissal to VINU President Charles Johnson ("Johnson") via email on or around January 18, 2016.

  c. By denying Ms. Turner the equal/same opportunity to receive the benefit(s) of VINU's FSE program that are available to other qualified individuals with disabilities.

51. As a direct and proximate result of VINU's unlawful discrimination, Ms. Turner sustained injuries and damages. VINU wrongly caused Ms. Turner to be discriminated against, denied reasonable accommodations and expelled her from the FSE program, all in violation of her rights pursuant to Section 504, depriving her of the opportunity to complete her education and further her career, and inflicting mental and emotional distress, post-traumatic stress, and physical injury, all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

52. It has been necessary for Ms. Turner to obtain the services of an attorney to prosecute this action, and Ms. Turner is entitled to an award of attorney's fees and costs of suit incurred herein.

53. Ms. Turner is entitled to injunctive and declaratory relief to obtain readmission and the reasonable accommodations permitted her under the statute to allow her immediate access and participation in the VINU FSE program.

### SECOND CAUSE OF ACTION

*VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12101, et. seq.*

54. Ms. Turner reincorporates by reference paragraphs 1 through 53 as if fully restated herein.

55. Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

56. Ms. Turner is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2). Ms. Turner suffers from ADD, PTSD, Severe Depression, and a seizure condition, which are a qualifying disabilities. These disabling conditions substantially limit major life activities, including learning and working, because they substantially limit her ability to complete examinations and assignments within the same time allotted to other students who do not have her disability. It further limits her ability to take notes in class, her ability to focus, and require her to take medications, which had an adverse effect on her ability to attend classes, thereby affecting her ability to function in her role as a student at VINU.

57. Ms. Turner is able to perform the essential functions for participation in VINU's curriculum with or without accommodations but was discriminated against and placed at a disadvantage because of her disability.

58. VINU is an "instrumentality of the state," as defined in 42 U.S.C.A. § 12131(1)(B), so as to be subject to the mandate of the ADA.

59. Ms. Turner reasonably and in good faith communicated to VINU that she was requesting a reasonable accommodation for her documented disabilities. During the Fall 2014, her first semester at VINU, and at the start of each successive term, she brought current medical paperwork to DeHart and to every one of her VINU professors. In addition, VINU had copies of her diagnosis and prescribed medications on file.

60. In response to Ms. Turner's repeated requests, VINU repeatedly failed and refused to reasonably accommodate Ms. Turner in violation of Title II of the ADA. As a result of her disabilities, Ms. Turner required testing accommodations, extended times to complete her work, and other potential aids, which were reasonable accommodations she repeatedly requested. VINU not only did not provide the reasonable accommodations she requested, but VINU failed to gather

sufficient information to even determine whether her requested accommodations were reasonable. VINU ignore her requests entirely.

61. Ms. Turner's failed to achieve high grades in her FSE classes as a direct manifestation of her disabilities and VINU's repeated failure to investigate or provide the reasonable accommodations she required to address her disabilities. As a result, VINU dismissed Ms. Turner on the basis of her known disabilities.

62. As a result of VINU's denials of Ms. Turner's repeated requests for reasonable accommodations, VINU failed to provide reasonable accommodations during Ms. Turner's academic tenure there, from Fall 2014 through December 2015, thereby violating Section 504 by discriminating against Ms. Turner, including without limitation, by way of the following:

    a. By reason of Ms. Turner's disabilities;

    b. By failing to allow Ms. Turner to perform the FSE program requirements in a manner appropriate to the needs of Ms. Turner given her disabilities;

    c. By denying Ms. Turner the equal/same opportunity to receive the benefit(s) of VINU's FSE program that are available to other qualified individuals with disabilities.

63. Defendant has wrongly caused Ms. Turner to be discriminated against, denied her reasonable accommodations and expelled her from the FSE program, based upon her conditions, all in violation of her rights pursuant to the ADA, depriving her of the opportunity to complete her education and further her career, and inflicting mental and emotional distress, post-traumatic stress, and physical injury, all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

64. It has been necessary for Ms. Turner to obtain the services of an attorney to prosecute this action, and Ms. Turner is entitled to an award of attorney's fees and costs of suit incurred herein.

65. Ms. Turner is entitled to injunctive and declaratory relief to obtain the physical and programmatic accessibility permitted her under the statute to allow her immediate access and participation in the VINU FSE program.

### THIRD CAUSE OF ACTION

*BREACH OF CONTRACT*

66. Ms. Turner reincorporates by reference paragraphs 1 through 65 as if fully restated herein.

67. Courts in Indiana and the Seventh Circuit impose a contractual relationship between students and universities. Materials actually provided to students, including enrollment agreements and catalogs, may become part of the agreement.

68. By admitting Ms. Turner and accepting her tuition payments, VINU has an express and implied contract with Ms. Turner in connection with rights explicitly guaranteed her by the various school materials, including VINU regulations, circulars, bulletins, publications, VINU administered websites, the Vincennes University Catalog 2014-2015 ("VINU Catalog") accessible at http://catalog.vinu.edu/index.php?catoid=16, and Vincennes University Funeral Service Education Program Student Handbook ("FSE Handbook"). *See* FSE Handbook attached as Exhibit 2.

69. At all times relevant, Ms. Turner abided by and governed her conduct by the terms of the aforementioned contracts and met all financial obligations.

70. VINU's actions in conjunction with constitute a material and substantial breach of the express and implied contract by:

   a. Denying Ms. Turner access to MyVu for the duration of her tenure at VINU and telling her to seek guidance from only the department chair.

   b. Denying Ms. Turner her right to be free from discrimination on account of her disability, as is set forth in the *FSE Handbook* at 3 and *VINU Catalog* at Standards of Student Behavior, Protecting the Rights, Safety, and Dignity of the Individual, Point 6.

   c. Denying Ms. Turner her right to a productive learning environment free from verbal abuse, threats, intimidation, and harassment. *VINU Catalog* at Standards of Student Behavior, Protecting the Rights, Safety, and Dignity of the Individual, Point 1.

   d. Denying Ms. Turner the right to be free from damage to personal property. *VINU Catalog* at Standards of Student Behavior, Protecting the Rights, Safety, and Dignity of the Individual, Point 3.

   e. Failing to instruct Ms. Turner to promote her complaint to the formal complaint process after not resolving her complaint informally- *VINU Catalog* at and *FSE Handbook* at XXI.

   f. Failing to place Ms. Turner on Academic Warning indicating that her performance may not lead to success despite her apparent sub-par grades. *VINU Catalog* at Academic Guidelines, Academic Expectations.

  g.  Failing to put Ms. Turner on Academic Probation or otherwise give her official notification that her student academic success is at extreme risk. *Id.*, at Academic Guidelines, Academic Expectations.

 71. But for VINU's illegal breaches, Ms. Turner would remain in good standing in the FSE program. Accordingly, Ms. Turner demands injunctive relief to reinstate her status as an active student, to immediately provide Mrs. Turner with access to her grades and a current transcript, and to put a notation on Mrs. Turner's transcripts indicating administrative fault in her low-performing classes with grades under a B.

## CONCLUSION

***WHEREFORE***, Ms. Turner prays that this Honorable Court enter judgment in Ms. Turner's favor, and against VINU, for (1) an injunction requiring VINU to (a) reinstate Ms. Turner into her FSE program, and (b) provide Ms. Turner with reasonable accommodations for her disabilities; (c) provide Mrs. Turner with access to her grades and a current transcript; (d) to put a notation on Mrs. Turner's transcripts indicating administrative fault in her low-performing classes with grades under a B; (2) compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (3) the costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires; and (4) any other relief that justice so requires.

///

///

///

# Exhibit 1

mail - Response to your concerns                                                                                                  https://mail.google.com/mail/u/0/?ui=2&ik=e363fb96ad&view=pt&se...

 **Gmail**

Joyce Turner <joyt6469@gmail.com>

## Response to your concerns
1 message

**President@vinu.edu** <President@vinu.edu>  
To: joyt6469@gmail.com  
Cc: provost@vinu.edu, JVieck@vinu.edu, ROrt@vinu.edu, PKonkle@vinu.edu, NIrwin@vinu.edu

Thu, Feb 11, 2016 at 8:26 AM

Dear Ms. Turner:

I am grateful for your continued patience. As I am sure you can understand, given the serious nature of the concerns you've listed and the number of people involved, including a former program chair, I wanted to be thorough in gathering information to help me respond to your concerns.

I can appreciate your desire to continue in the Funeral Services program and the challenges you have faced as a student. I reviewed the information provided by you, Funeral Services Program Chair Russell Ort, and Dean Dr. Jana Vieck. Based on that information, and after consulting with our Provost, Dr. Laurel Smith, I have concluded that VU offered you an appropriate level of academic and personal support, giving you a reasonable opportunity to be successful. Therefore, I support the decision regarding your dismissal from the program due to academic performance.

I understand that this is not the decision you wanted to receive, but hope you can move on and find success in whatever endeavors you pursue.

Sincerely,

Charles R. Johnson, Ph.D.  
President  
Vincennes University  
812-888-4208  
president@vinu.edu  
www.vinu.edu

# Exhibit 2

# Vincennes University Funeral Service Education Program

# Student Handbook

# Adopted for use: September, 2014

*Funeral Service Education Program Handbook*

### IV. DISABILITY STATEMENT

Vincennes University does not discriminate based on race, religion, color, national origin or ancestry, age, sex, sexual orientation, or handicap or against disable veterans and veterans of the Vietnam War Era or other non-merit factors in its employment or educational programs or activities. Any person who believes that such discrimination has occurred in this institution should contact the Affirmative Action Officer of Vincennes University, 1002 North First Street, Welsh Administration Building, Vincennes, Indiana 47591, 812-888-5848; The AAO also hears concerns when a person believes himself or herself to be a victim of discrimination under Title IX, Section 503 and the ADA.

Students with disabilities who will be enrolled in this program and who may need disability related classroom accommodations or who have emergency medical information or building evacuation needs are encouraged to make an appointment with the appropriate individual. No testing or instructional accommodations will be made without documentation from the Office of Disability Services.

Vincennes Campus:
Director of the Office of Coordinator Services (Vigo Hall, 812-888-4501)

Jasper Campus: Director of Student Services (Administration Building, 812-481-5905)

### V. ATTENDANCE AND ABSENTEEISM

Any anticipated absence or tardiness must be reported to the instructor and the clinical site. Any absence or tardiness must be reported prior to the start of class or clinical. Students are expected to call the FSE Program Office at 812-888-5469 at least 60 minutes prior to the start of class or clinical.

All absences from clinical must be made up. It is the student's responsibility to contact the appropriate instructor to arrange for such make-up.

The Funeral Service Education Program abides by the Vincennes University attendance policy which states in part that "students who miss class hours totaling twice the number of credit hours awarded for the course, or the equivalent of two weeks of class instruction are eligible to be dropped from the class." Students wishing to withdraw must complete the withdrawal process by the date designated by the current college policy. Students are referred to the University Catalog and the Vincennes University Student Handbook for further policy details.

**Distance Education Students** - You must keep up with appropriate class assignments, Discussions Boards, and examinations per course schedule(s).

Case 3:17-cv-00044-RLY-MPB Document 36 Filed 07/16/18 Page 16 of 18 PageID #: 163
Case 3:17-cv-00044-RLY-MPB Document 1-2 Filed 03/15/17 Page 10 of 19 PageID #: 28

Funeral Service Education Program Handbook

course. **Students taking the NBE within 60 days will have the Incomplete grade removed.**

*If a student is taking a course at another institution in fulfillment of academic requirements, the NBE will not be released until said transcripts are received, evaluated and awarded by Vincennes University. All decisions on transfer of courses are processed through the Office of the Registrar.*

## IX. EXAMINATION RETENTION POLICY

Examinations are the property of the Vincennes University Funeral Service faculty, and will be retained by said faculty.

## X. MISSED EXAMINATIONS

Students must do the following:

1. Call the instructor prior to missing the examination
2. Call the instructor to arrange time for a makeup examination

   *Students should expect to take the makeup examination within 3 days. Per Vincennes University Policy, it is up to each instructor's discretion to how make-up work will be administered. This standard applies to both campus and distance-based students enrolled in the Funeral Service Education Program.*

## XI. TRANSFER CREDIT FOR FSE

The Funeral Service Education Program at Vincennes University will not accept transfer credit from another institution of Funeral Service Education, with the exception of Funeral History.

## XII. HEALTH FORM REQUIREMENTS

Students must complete and have on file with the University Health Service Office a current medical/physical form, immunization records form, and the Hepatitis B vaccination form. Students must possess current immunizations, and provide verification of Hepatitis B inoculation or refusal thereof. All health forms must be in good standing in order for students to participate with the clinical component of the program. A student who has not supplied the Health Office with their health forms will not be allowed to register for future courses. *Every funeral service student must supply their health forms regardless of what format of study the student is enrolled in (i.e. on-campus or distance education option).*

**Funeral Service Education Program Handbook**

For violations under this section, the professor will notify the department chairperson and the College Dean in writing of the circumstances if any punitive action is taken. The student shall have the right of appeal of the professor's decision per the Student Grievance Policy. The alternatives for action by the professor may include, but are not limited to, failing the grade of the assignment, or the course, or the withdrawal from the course. The student will also be referred to the Dean of Students, who will determine appropriate disciplinary action in accordance with Vincennes University Policy.

"I understand the information above and that the content of any funeral service examination is confidential. I agree that I will not divulge any questions on these examinations to any individual or entity. I understand that the unauthorized possession, including the nature or content of examination questions, before, during or after the examination is considered academic dishonesty, and is in violation of Vincennes University Policy as stated under the Student Regulation section of the Vincennes University Catalog."

XVIII. **STANDARDS FOR PROGRESSION and GRADUATION**
1. Funeral Service students must achieve a minimum grade of "C" in all required funeral (FNRL), chemistry (CHEM) and biology (BIOL) designated courses, in addition to, maintaining a 2.0 Grade Point Average (GPA) for each semester. Failure to meet this requirement will result in withdrawal from the FSE Program.
2. All FNRL, CHEM and BIOL designated courses must be completed within 3 years of completion of the last required course in the FSE curriculum.
3. If the semester grade average falls below 2.0 and the student has earned a grade less than C in a required course, the student will be required to enroll in one semester of General Studies. Failure to raise the GPA during this semester of General Studies may result in denial of readmission to the funeral service program.
4. If a student is unsuccessful in the Funeral Service Education Program twice, they will be denied further readmission to the program.
5. Students may only take the FNRL 290 and 296 courses in their final semester of study. Students may repeat a required academic course one time in order to earn a grade of C or better.
6. Students must participate in a minimum of ten (10) clinical embalming during their tenure at Vincennes University. The student must also complete a certification embalming in the presence of a full-time faculty member. *Students must complete their embalming at a registered clinical site. Students may NOT begin clinical work until approval is given by the faculty. If the student submits embalming reports from a site or Preceptor that is not registered with the Funeral Service Education Program office, the embalming reports will not be accepted.*

Case 3:17-cv-00044-RLY-MPB   Document 36   Filed 07/16/18   Page 18 of 18 PageID #: 165
Case 3:17-cv-00044-RLY-MPB   Document 1-2   Filed 03/15/17   Page 15 of 19 PageID #: 33

**Funeral Service Education Program Handbook**

## XIX. READMISSION POLICY

Readmission standards apply to any student who has enrolled in and attended a funeral service course (FNRL 230 excluded), dropped the funeral course, and/or has not met the *Standards for Progression and Graduation* as listed above.

1. Students may be readmitted to the funeral service program limited to one time.

2. Applications for readmission must be obtained from and returned to the Health Science and Human Performance College Office or Distance Education Office.

3. Students seeking to reenter the program at the point in which they withdrew, must reenter the program within one year. Otherwise, the student may apply for readmission to begin the program in its entirety.

4. Qualified applicants will be readmitted on a space-available basis.

5. Each application is reviewed individually by the faculty of the funeral service education program.

6. Students who believe they have extenuating circumstances to these readmission standards may write a letter to the Chair of the Funeral Service Education Program, following the University Grievance Policy.

## XX. COURSE DESCRIPTIONS

*A complete list of course descriptions are located in the University catalog. The university catalog can be found at www.vinu.edu*

## XXI. HIERARCHY FOR ISSUES/COMPLAINTS

If a student has an issue with a classroom instructor, it is advisable that the student and the instructor try to resolve the issue on their own accord. If the student and instructor cannot resolve the issue, the student is to file a written complaint with the Chair of Funeral Service Education. *If the classroom instructor is the Chair of Funeral Service Education, please file a written complaint with the Dean of the College of Health Sciences and Human Performance, if the issue is not resolved between the student and Program Chair.* If the student cannot receive resolution from the Dean, the student is then encouraged to seek an appointment with the Provost/Dean of the Faculty.